LIMESTONE COUNTY v. W. A. ROBBINS.

No. 5661.   Decided May 16, 1931.
(36 S. W., 2d Series, 992.)

*Lewis M. Say, Scott Reed* and *Carl Cannon,* for appellant.

Where the county tax collector did not substantially comply with the Acts of the Thirty-Fourth Legislature (1915), chapter 147, House Bill No. 40, and it was not shown by the pleadings or by the proof that he performed the duties prescribed relating to the collection of delinquent taxes under the Act of 1915, he is not entitled to recover the five per cent provided for under the Acts of 1915. Curtin v. Harris County, 242 S. W., 444.

Mistake of law, mutual mistake, or mistake of fact and the several kindred propositions are purely equitable principles, and, to recover upon this doctrine, some element of misrepresentation, fraud or concealment must be alleged and proven to entitle one to relief in a suit brought under this principle of law.

The court erred in rendering judgment for the plaintiff in this cause, if any he was entitled to recover at all, for any sum that accrued to him on and after August 15th, 1923, for the reason that on said August 15th, 1923, by an act of the second called session of the 38th Legislature of the state of Texas, which act is known as chapter 13 of said session, such fees as sued for by the plaintiff were required to be accounted for as fees of office, and the court erred in rendering judgment for any sum of money on and after this date.

The court erred in rendering judgment for the plaintiff in this cause for any sum because the Act of the 41st Legislature of the state of Texas, passed at its first called session, known as chapter 95, "providing for suits by tax collectors for the return of excess fees," is violative of the Constitution of the state of Texas, art. 1, sec. 16, "Bill of attainder and ex post facto laws,—no bill of attainder or ex post facto law, retro-

active law, or any other law impairing the obligation of contract shall be made." That the court in not upholding the law in this provision of the Constitution as applied to the Act of the 41st Legislature herein mentioned, erred in rendering judgment for the plaintiff for any sum under this act. 229 S. W., 998. This case reviews most all the Texas cases in point on retroactive laws.

The court erred in rendering judgment for the plaintiff herein under the Act of the 41st Legislature, chap. 95, because the Legislature was without power under the Constitution to revive a claim or a demand that the plaintiff in this cause had time and opportunity to assert and present before any law of limitation became effective against his demand; and the court in rendering judgment for the plaintiff was in error for the reason that the plaintiff did not assert his rights before the same were barred by the general laws of limitation, and having had said opportunities the Legislature was without power to revive said demand.

The court erred in rendering judgment for the plaintiff because it is shown from the record in this cause that the plaintiff voluntarily paid to the defendant herein such sums of money he has sued for herein, and having voluntarily paid said sums of money, he was estopped to recover the sums sued for, and the judgment rendered in this cause by the court is contrary to law.

*L. W. Shepperd,* for appellee.

This is not a suit for *commissions* as stated by appellant but is a suit to recover back moneys paid to appellant by appellee to appellant. Further this question should have been raised by appellant by special exception which appellant does not do, the nearest thing being its special exception No. 5, which says that appellee's petition does not show that appellee had complied with the law to entitle him to recover, etc. Appellee plead that he had performed all the duties incumbent upon him as tax collector and if he had not, it certainly was appellant's duty to plead and prove in what manner he was derelict. Meryfield v. Wilson, 14 Texas, 224-225; Ingram v. Posey, 138 S. W., 421; Welch v. Logan, 286 S. W., 906.

Both the Act of the 38th Legislature, known as chapter 13 of the Acts of the Second Called Session intended to be effective August 15th, 1923, and the Act of the Third Called Session of the 38th Legislature, known as chapter 21 of said session, intended to be effective September 1st, 1923, are void and violative of section 35, article 3 of the Constitution.

Both of the above acts contain the same vice as the act of 1919 held bad by the Commission of Appeals in Bitter v. Bexar County, 11 S. W. (2d) 163, to which we refer the court.

The Act of the 41st Legislature of the state of Texas, passed at its First Called Session known as chapter 95, is a valid act and subject to none of the objections urged by appellant.

The law of limitation being a rule of law and not of equity and being a creature of the Legislature, may .be repealed by the Legislature at any time. Clearly the defense of limitation was taken away from appellant by the general repealing clause of this act which says that all laws and parts of laws in conflict herewith are hereby repealed.

This the Legislature could certainly do.

The act under question does not attempt to grant more compensation to a tax collector but attempts to provide a means for the recovery of moneys paid by him to a county and upon which the county had no claim either legal or equitable except by a claim of limitation. Instead of granting more compensation for the recovery of compensation already granted, earned and collected by the tax collector but erroneously paid to the county.

Appellee plead and the record shows that the moneys paid by him to appellant and for which he recovered was paid under a mutual mistake, he believing it his duty to do so. That appellant asserted it was his duty to so pay said sums and that appellant was still asserting it was his duty to do so and that appellant was estopped to claim such payments were voluntary.

MR. PRESIDING COMMISSIONER HARVEY delivered the opinion of the court.

The Court of Civil Appeals has submitted the following certificate containing certified question:

"This suit ·was instituted by appellee, W. A. Robbins, against appellant, Limestone County, to recover the sum of $18,779.84, which he alleged was owed him by appellant as compensation for certain services rendered by him as tax collector of said county. Appellee alleged that he was the duly elected, qualified and acting tax collector of said county during ·each of the years 1923 to 1926, inclusive that he performed all the duties incumbent upon him as such officer; that as such he collected delinquent taxes owed to appellant amounting in the aggregate to many ·thousands of dollars; that all sums so collected were paid over by him as directed and required by law; that he collected from each delinquent taxpayer the total amount charged against him, and in addition thereto the further sum of five per cent on such amount; that he was entitled to such further sum so collected as compensation for making each such collection. He further alleged that the several additional sums so collected by him amounted in the aggregate to $18,081.16. He further alleged that he prepared a delinquent tax record for said county for the years 1921 and 1922; that such record so prepared conformed to all the requirements of law; that the same was accepted and approved by appellant August 6th, 1923, and that he was entitled to receive and retain as compensation for the preparation of the same the sum of $464.88. He further alleged that he prepared in like manner a delinquent tax record for said county

for the years 1923 and 1924; that the same was accepted and approved by appellant on August 10th, 1925, and that he was entitled to receive and retain as compensation for the preparation thereof the sum of $233.80. He further alleged that all said sums which he was so entitled to receive and retain were paid by him to appellant by paying the same to appellant's treasurer; that all such payments were made because of an erroneous ruling of the Attorney General of this state to the effect that appellee was not entitled to retain the same in addition to the maximum amount or salary allowed him under the provisions of the general fee bill; that all such payments were made under a mistake of law and fact mutual between him and appellant, and which mistake was not discovered and could not have been discovered prior to the month of January, 1929. He further alleged that he had presented to the commissioners court of said county a claim for the several sums due him as aforesaid, and that said claim had been rejected.

"Appellant presented a general demurrer to said petition and special exceptions based on various provisions of our statutes of limitation, all of which were overruled.

"Appellee's demands were based on the provisions of section 3 of chapter 147 of the General Laws of the 34th legislature, pages 250, 252, and the construction given the same in the case of Curtin v. Harris County, 111 Texas, 568, 574-5. Appellant specially pleaded the several acts of the legislature hereinafter set out in bar of any recovery for services rendered by appellee after such acts, respectively, took effect. Appellant also pleaded the statutes of limitation of two and four years, and further pleaded that said several sums of money sued for had been paid over to it by appellee voluntarily, and that he for that reason could not recover the same. The pleadings of the parties are here made a part of this certificate for all purposes.

"Appellee was the only witness examined. He testified that he prepared the two delinquent tax rolls, that his charges therefor were the proper amounts, respectively, for such service, and that he had never received anything therefor. He further testified that five per cent on all delinquent taxes collected by him during the year 1923 amounted to $10,521.66; during the year 1924 to $1,689.55, and during the year 1925 and prior to the 1st day of September thereof, to $780.70. He did not testify in connection with the collection of delinquent taxes that he performed the specific duties required by the provisions of said act of the 34th legislature, upon the authority of which his claim is based, as enumerated in the case of Curtin v. Harris County, supra, p. 577. He did testify, however, that the specific per cent on delinquent taxes claimed by him did not constitute any part of such taxes, interest or penalties, but was additional thereto, and in substance, that he so understood the statute. He further testified that he received his maximum compensation or salary

under the provisions of the general fee bill for each of said years, but that he did not know until the decision in the case of Bitter v. Bexar County (11 S. W. (2d) 163) was rendered, that he was entitled to the statutory compensation provided for preparing delinquent tax rolls and collecting delinquent taxes in addition to said regular maximum compensation or salary, for any part of the time embraced in his claim herein. He further testified, in substance, that the additional five per cent so collected by him was paid into the general fund of appellant county, and that no part of the same was paid to the state. He further testified that said sums were so paid over by him to appellant 'under this mutual mistake of law and fact' and that appellant had refused and rejected his claim therefor. The statement of facts is made a part of this certificate for all purposes.

"The case was tried to the court and judgment rendered in favor of appellee against appellant for five per cent on all delinquent taxes collected between January 1st, 1923, and September 1st, 1925, in the sum of $13,068.94; for preparing the delinquent tax roll for the years 1921 and 1922 in the sum of $464.88, and for preparing the delinquent tax roll for the years 1923 and 1924 in the sum of $233.80.

"Appellant assails appellee's right to recover any of the sums sued for herein on the following grounds:

" '(a)   That the several sums sued for were paid to its treasurer by appellee voluntarily and without protest or reservation of any kind.

" '(b)   That the recovery of any of the sums so sued for is barred by our statutes of limitation; and in that connection, that there was no evidence of any such mutual mistake as would prevent the running of such statutes; and that the act of May 22nd, 1929, known as chapter 95 of the General Laws passed by the first called session of the 41st legislature, is invalid for various reasons and ineffective to authorize the maintenance of this suit and ineffective to support a recovery herein, especially as against its pleas of limitation.   Appellant in this connection further calls attention to the fact that said chapter 95 was repealed by an act of the legislature, approved February 14th, 1930, and effective on approval.'

"Appellant further contends that appellee, if entitled to recover any sum sued for herein, was not entitled to recover any such sum which accrued:

"(a)   After the act of May 26th, 1923, known as chapter 13 of the General Laws passed at the second called session of the 38th legislature became effective; or in the alternative,

"(b)   after the act of June 21st, 1923, known as chapter 21 of the General Laws passed at the third called session of said legislature became effective; or in the final alternative, as held by the trial court,

"(c)   after the Revised Statutes of 1925, and especially Article 7331 thereof, became effective on September 1st, 1925.

"Appellant further contends that appellee was not entitled to recover

any of the sums sued for as his five per cent commission herein for collection of delinquent taxes, because he did not prove affirmatively that he had performed in connection therewith the several acts required by the statutes and ennumerated in the opinion of the court in Curtin v. Harris County, supra, page 577, as aforesaid.

"All said contentions are presented in appellant's brief and further statement of the same is not deemed proper or necessary. Appellee calls attention to the fact that he sues in this cause for the specific five per cent collected by him from the delinquent taxpayers in addition to all delinquent taxes, interest and penalties charged against them, respectively, and claims that such sum belonged to him and not to appellant. All the aforesaid issues are discussed in the briefs of the respective parties, copies of which will be transmitted with this certificate, as provided by law."

We deem it unnecessary to set out the several certified questions, since their purport may be gathered from our discussion of the case.

It appears that the officers of Limestone county, during the period of time involved in this controversy, were subject to the provisions of the maximum fee bill. At no time during this period was there any law which required or authorized the tax collector to collect, from any delinquent taxpayer, five per cent in addition to the taxes, penalties and interest due by such taxpayer. There was no statute, either valid or invalid, which purported to require the tax collector to pay over to the county the sums thus unlawfully collected from the taxpayers. The sums made up of this five per cent were not comprehended by the 1919 act, hereinafter discussed. They were voluntarily paid over to the county by Robbins, with full knowledge on his part of all the relevant facts, and without the slightest deception or compulsion on the part of the county authorities. The payments were made by Robbins purely as result of a mistake of law. For these reasons, if for no other, an action does not lie in favor of Robbins for the recovery of those sums. Galveston County v. Gorham, 49 Texas, 303; Gilliam v. Alford, 69 Texas, 267, 6 S. W., 757; Taylor v. Hall, 71 Texas, 216, 9 S. W., 141.

The claim of Robbins to a commission of five per cent of the delinquent taxes, etc. which were collected by him, and by him paid over to the county, need not be noticed any further than to say that he would not, in any event, be entitled to judgment for this compensation unless he performed the services for which such compensation was provided Curtin v. Harris County, 111 Texas, 568, 242 S. W., 444. It was incumbent upon him to plead and prove that he performed those services. This he has failed to do.

We now pass to a consideration of the claim of Robbins for compensation for his services in preparing the delinquent record supplements for the years 1921 and 1922. In section 3 of an act passed in the year 1915 (Chapter 147, General Laws of the 34th Legislature, Regular Session)

it was provided, among other things, that "in addition to the compensation and costs now allowed him by law," the tax collector should be entitled, for making up the delinquent tax records or supplements "to the sum of five cents per line for each and every line of yearly delinquencies entered on said delinquent record or supplement, such compensation to be paid out of the general fund of the county on completion of said record or supplement." This compensation was in nowise affected by the provisions of the maximum fee bill. Curtin v. Harris County, supra. By section 2 of chapter 64 of the general laws passed in the year 1919, at the Second Called Session of the 36th Legislature, certain provisions of section 3 of the 1915 act, which provisions related to the bringing of suits for delinquent taxes by county and district attorneys, were amended. In the same act the above provisions of section 3 of the 1915 act, providing compensation for the making up of delinquent tax records or supplements, were attempted to be so amended as to bring said compensation within the operation of the maximum fee bill. But, on account of defective caption to the 1919 act, an amendment of section 3 of the former act, in the respect last mentioned, was not affected. Bitter v. Bexar County (Texas Com. App.), 11 S. W. (2d) 163. Consequently, this compensation remained unaffected by the maximum fee bill when the 1921-1922 supplement was made up by Robbins and approved, on August 6, 1923, by the commissioners' court. But with respect to the claim of Robbins for compensation for making up the 1923-1924 supplement a different situation prevails. By an act approved May 26, 1923 (Chapter 13, General Laws, 38th Legislature, Second Called Session, Vernon's Ann. Civ. Stat., arts. 7323-7326, 7328, 7329, 7331-7336, 7343), which act became effective August 15, 1923, section 3 of the 1915 act, as amended in 1919, was entirely repealed; thus taking away the only basis for a claim that the tax collector's compensation for making delinquent tax records or supplements did not come within the scope of the maximum fee bill. Counsel contends that the caption of the act of May, 1923, does not show this to have been among the purposes of the act. The caption, however, is quite clear in this respect. It is there declared that the purpose of the act was, among other things, "the repealing section 3, chapter 147, of the general laws of the state of Texas, passed at the Regular Session of the Thirty-fourth Legislature, as amended by section 2, chapter 64 of the general laws of the state of Texas, passed by the Second Called Session of the Thirty-sixth Legislature." In the respect under consideration here, said act of May, 1923, was valid. None of the provisions of the subsequent act, approved June 21, 1923 (chapter 21, General Laws, 38th Legislature, Third Called Session [Vernon's Ann. Civ. Stat., arts. 7326, 7328, 7331-7335, 7345]), which became effective September 14, 1923, purport to exclude from the operation of the maximum fee bill the com-

pensation allowed tax collectors for making up delinquent tax records or supplements.

We now take up the act of 1929 (Chapter 95, General Laws, 41st Legislature, First Called Session). This act was in effect when this case was tried in the court below. Relevant sections of the act read as follows:

"Section 1. That any person in the State of Texas, who formerly served as a duly elected and qualified Tax Collector of any county of this State while subject in that capacity to the terms and provisions of the law known as the Maximum Fee Bill, and who, during such time, collected and paid over to the Treasurer of such county the fees and commissions set out and provided for in Section 3 of Chapter 142, Acts of the Regular Session of the 34th Legislature, 1915, or any part of such fees and commissions, is hereby authorized to bring suit in any competent court of this State against such county so served by him to collect and recover all such fees and commissions so paid over by him, provided such suit shall be brought in the county where such fees and commissions were collected and erroneously or wrongfully paid over as hereinabove set out."

"Section 3. In case any such suit be brought against any county in this State for the purposes set out in Section 1 of this Act, no plea of limitation shall be available to such county as a defense to any such suit, and in any cross action filed by a county against the plaintiff in any suit authorized by this Act for money due the county by the Tax Collector, the plea of limitation to such cross action shall not be available to the plaintiff."

"Section 5. The fact that the Supreme Court of Texas in the case of Bitter v. Bexar County, 11 S. W. (2d) 163, has held that Section 2, Chapter 64, of the Acts of the Second Called Session of the 36th Legislature, 1919, is unconstitutional, and the further fact that many Tax Collectors, acting under said Act, have erroneously paid money to some of the counties of this State, create an emergency, and a public necessity that the Constitutional Rule, requiring bills to be read on three several days be suspended, and that this Bill be put on its third reading and final passage, and it is so enacted."

In view of the series of confusing circumstances which, prior to the decision in the Bitter case, attended the right of a tax collector relative to the compensation in question, we are satisfied that the Legislature meant, by passing said act, to give to any tax collector, who came within the purview of the act, a conditional right of action for the recovery of such compensation as had justly accrued to him under the provisions of section 3 of the 1915 act, but which, through mistake of law, had not been received or retained by him. This new right of action, the provisions of the act show, was conditioned upon the tax collector's surrender of any right, which might have become vested in him, to set up the defense of limitation against any cross-action which the county might file

against him in the suit. The Legislature, of course, had the authority to attach this condition to the right conferred. The county insists, however, that because of the inhibition by the Constitution (section 16, art. 1) against the passage of any retroactive law, the Legislature did not have authority to lift the bar of limitation from those claims against the county which had become barred prior to the passage of the 1929 act. This contention of the county cannot be maintained on principle. A county is a political subdivision of the state. The privilege possessed by a county, to set up the statutes of limitation as a defense against a just debt, emanates from the Legislature and is subject to the legislative will. The statutes of limitation bar the holder of the debt from access to the courts, but the debt is not extinguished. The removal of the bar does not impose a new debt against the county, or involve the bestowal of a gratuity on the debt holder, but simply opens the way for the enforcement of the county's moral obligation to pay the old debt. That a political subdivision of the state may be subjected to retroactive laws passed by the Legislature, which convert into a legal obligation that which before was but a moral one, is exemplified by those decisions of our courts which sustain statutes validating county bonds that originally carried no legal obligation against the county. And, too, this power of the Legislature, with specific reference to the removal of the bar of limitation from county debts, was recognized in Caldwell County v. Harbert, 68 Texas, 325, 4 S. W., 607, the opinion in which case having been written by Justice Stayton, who wrote the opinion of the court in Mellinger v. City of Houston, reported in the same volume of the state reports, 68 Texas, 37, 3 S. W., 249. The question involved and decided in Milam County v. Bateman, 54 Texas, 153, differs in material respects from that now under consideration. In that case, there was no unsatisfied obligation of the county, either legal or moral, involved.

It is to be noted that the Legislature, in the year 1930, repealed the 1929 act. (Chapter 3, General Laws of the 41st Leg., Fourth Called Session). The conditional right of action which was conferred on the respective tax collectors by the 1929 act, became vested when that act became effective. The Legislature, because of the constitutional restriction against retroactive laws, had no authority afterwards to take away this right of action altogether, even though no action had been instituted. Mellinger v. City of Houston, 68 Texas, 37, 3 S. W., 249; Cathey v. Weaver, 111 Texas, 515, 242 S. W., 447. The repealing act had no other effect on this conditional right of action than to bring it under the operation of the general statutes of limitation, which, prior to that time, had not begun to run against it. The present action, as already shown, was pending when the repealing act was passed. As a consequence, the statutes of limitation have not run against this particular action at all.

351

What has been said sufficiently answers the certified questions, and we recommend that they be so answered.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.