## BRASHEARS v. LAMAR COUNTY.

### No. 4245.

Court of Civil Appeals of Texas. Texarkana.

Dec. 14, 1932.

Rehearing Denied Jan. 12, 1933.

R. E. Eubank and H. B. Birmingham, of Paris, for appellant.

Dohoney, Beauchamp & Lawrence, of Paris, for appellee.

SELLERS, J.

The appellant brought this suit to recover certain fees which it is alleged were wrongfully paid over to the county by appellant as county tax collector under a mutual mistake of law and fact.

Appellant's petition alleges that he was the duly elected and acting county tax collector for Lamar county from December 1, 1916, to December 1, 1920. That he was under what was known as the Maximum Fee Bill which became effective in 1913 (Acts 1913, c. 121); that his salary under such fee bill was $2,750, plus one-fourth of the excess fees collected over and above his salary. It was further alleged that during the time he was county tax collector he issued 29,530 poll taxes and certificates of exemption for which he was entitled under the law to a fee of 10 cents each from the county. Appellant also alleged that during the time he was county tax collector he collected the sum of $14,257.16 delinquent taxes; that under the Acts of the Legislature passed in 1915 (chapter 147), he was entitled to a fee of 10 per cent. of the delinquent taxes so collected; and that his total fee for such service was $1,425.71. It is further alleged that during the time he was tax collector he made and caused to be published under the terms and provisions of the law what is known as the delinquent tax record, and under the Acts of the Legislature of 1915 he was entitled to a fee of 5 cents per line from Lamar county for each line thereof, or a total of $1,205.60. It is alleged that such fees were not a part of the fees coming under the maximum salary, but were ex officio fees which were allowed him by law in addition to the sum allowed under the Maximum Fee Bill. Appellant's petition contains the following allegations: "Plaintiff further alleges that the amounts stated herein as being due by the County of Lamar for the issuance of poll tax receipts and certificates of exemption and also the amounts due as fees for collecting delinquent taxes and as fees for the preparation of the delinquent tax record were collected by him but that the same under an erroneous ruling of the Attorney General of the State of Texas were reported by him as excess fees of office and that the said amounts were returned to Lamar County and that such amounts were returned under a mutual misunderstanding both on the part of the plaintiff and the defendant as to the law and facts in the case. Both plaintiff and defendant believing under such erroneous ruling and such mutual misunderstanding of law and fact that said fees should be accounted for as fees of office."

Appellee's answer contained, among other matters, a plea in abatement and general demurrer, both of which were sustained by the court, and judgment was accordingly entered against appellant, from which he has duly prosecuted this appeal. Appellee's plea in abatement is as follows:

"Now comes defendant in the above styled and numbered cause and says that plaintiff

ought not to have and maintain this suit for the following reasons:

"As appears from plaintiff's petition this suit purports to have been brought under Act 41st Legislature, first called session. The right to recover said fees of office and commissions for collecting delinquent taxes, attempted to be conferred by said act, had not heretofore existed. It appearing from plaintiff's first amended original petition that the monies claimed as commissions for collecting delinquent taxes, were paid to the County Treasurer under an erroneous conception as to the law, without any mistake as to the facts and circumstances under which said payments were made, defendant was under no legal or moral obligation to return the same to plaintiff. Said act of the Legislature having been repealed by act of the same legislature passed at the fourth called session, known as Chapter 3, page 3, General Acts of said Session, and there being in said repealing act no saving clause as to pending suits or claims, plaintiff's statutory cause of action, if any he had, ceased to exist.

"Wherefore, defendant prays that this suit be abated and dismissed."

■ Before taking up the plea in abatement and the general demurrer, it would be well to note that all fees sued for by appellant, except those for compiling the delinquent tax rolls and the fee of 10 per cent. of all delinquent taxes collected, were subject to appellee's plea of limitation, and while the court did not pass on the limitation plea in its judgment, in view of further proceedings in the trial court in this case, we deem it worth while to make this observation.

■ This leaves appellant's cause of action stripped of all fees except those alleged to be due appellant for compiling the delinquent tax record and the commission for collecting delinquent taxes. The suit with reference to these fees is maintainable under the Acts of Legislature of 1929, First Called Session, chapter 95 (see Vernon's Ann. Civ. St. art. 7331a note), which provides as follows:

"Section 1. That any person in the State of Texas who formerly served as a duly elected and qualified Tax Collector of any county of this State while subject in that capacity to the terms and provisions of the law known as the Maximum Fee Bill, and who, during such time, collected and paid over to the Treasurer of such county the fees and commissions set out and provided for in Section 3 of Chapter 147, Acts of the Regular Session of the 34th Legislature, 1915, or any part of such fees and commissions, is hereby authorized to bring suit in any competent court of

this State against such county so served by him to collect and recover all such fees and commissions so paid over by him, provided such suit shall be brought in the county where such fees and commissions were collected and erroneously or wrongfully paid over as hereinabove set out. * * *

"Sec. 5. The fact that the Supreme Court of Texas in the case of Bitter v. Bexar County, 11 S.W.(2d) 163, has held that Section 2, Chapter 64, of the Acts of the Second Called Session of the 36th Legislature, 1919, is unconstitutional, and the further fact that many Tax Collectors, acting under said Act, have erroneously paid money to some of the counties of this State, create an emergency, and a public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and that this Bill be put on its third reading and final passage, and it is so enacted."

This act was repealed in 1930 by chapter 3, General Laws, 41st Legislature, Fourth Called Session.

Appellee's plea in abatement attacks the above act of 1929 as being retroactive and void. This identical contention was made in the case of Limestone County v. Robbins, 120 Tex. 341, 38 S.W.(2d) 580. The facts in the Robbins Case are in all material respects the same as those in this case, and it was there held by the Commission of Appeals that the 1929 act did not violate section 16 of article 1 of the Constitution, which prohibits the passage of any retroactive law. The only difference in the facts in this case and that of Limestone County v. Robbins is that the fees here sued for accumulated in the years 1916, 1917, 1918, and 1919, inclusive, whereas the fees sued for in the Robbins Case accumulated in the years 1923, 1924, 1925, and 1926, inclusive. As we construe the act of 1929, it was intended to apply to tax collectors coming under the general fee bill since the passage of the Acts of 1915, chapter 147, General Laws, 34th Legislature, and that the 1929 act did not limit a recovery to those tax collectors who had paid such fees to the county after passage of chapter 64 of Acts, Second Called Session of 36th Legislature, 1919, as the emergency clause of the 1929 act might indicate.

Appellant's petition may be lacking in many respects, but we deem it sufficient to state a cause of action as against a general demurrer.

Believing that the trial court was in error in sustaining appellee's plea in abatement and general demurrer, the judgment of the trial court will be reversed and the cause remanded.