## GALVESTON COUNTY v. LOTHROP.
### No. 10076.

Court of Civil Appeals of Texas. Galveston. March 6, 1935.

Rehearing Denied March 28, 1935.

Ralph Crawford, of Galveston, for appellant.

George P. Prendergast, of Galveston (William Stiglich, of Galveston, of counsel), for appellee.

LANE, Justice.

William C. Lothrop was the duly elected, qualified, and acting tax collector of Galveston county, Tex., during the period from December 1, 1920, to August 14, 1923, and during such period he collected large sums of delinquent taxes, assuming to act under the provisions of the law in force during such period and was subject to the terms and provisions of the maximum fee bill. Under such fee bill the collector of taxes, for the collection of delinquent taxes, was allowed 5 per cent. on all delinquent taxes collected by him. Lothrop, collector during the period mentioned, earned as his commission for collecting delinquent taxes the sum of $5,699.25, and $5,655.25 of said commissions was paid over to Galveston county by Lothrop, under the mistaken belief at the time that he was not entitled to the whole of said commissions in addition to other fees provided by law. Thereafter, having reached the conclusion that he was entitled under the law to the whole of said commissions in addition to other fees provided by law, he presented to Galveston county for payment his claim for the $5,655.25 mistakenly turned over to it, which payment was refused.

If the foregoing statement does not exactly and accurately state matters and things mentioned, it is sufficiently accurate for the purpose of presenting a comprehensive statement of the nature of this suit.

This suit was originally instituted by William C. Lothrop, who died during the pendency of this cause of action in the trial court, against Galveston county to recover the sum of $5,699.25, which he alleged was owed him as compensation for certain services rendered by him as state and county tax collector of Galveston county, Tex.

After the suit was filed, William C. Lothrop died, and the case was legally prosecuted by Leonie J. Lothrop, independent executrix of the estate of William C. Lothrop, deceased.

It was alleged in appellee's first amended original petition that her deceased husband was the duly elected, qualified, and acting tax collector of Galveston county, Tex., during the period from December 1, 1920, until November 30, 1923; that during the entire time last herein mentioned he was subject to the terms and provisions under the maximum fee bill in force at that time; that from December 1, 1920, until August 14, 1923, he earned as commissions for collecting delinquent taxes the sum of $5,699.25; that her deceased husband was entitled under the provisions of section 3, chapter 147, General Laws, 34th Legislature, Regular Session 1915, to receive and retain said sum of $5,655.25, commissions, as compensation for his services in collecting delinquent taxes, in addition to all other amounts allowed under the provisions of the maximum fee bill; that he had performed the services required of him under House Bill No. 40, Acts of the 34th Legislature, c. 147, and was entitled to said amount; that said

sum of $5,655.25, commissions collected, was paid over to appellant under a mistake of law and fact; that after the enactment of chapter 95, General Laws, 41st Legislature, First Called Session 1929 (Vernon's Annotated Civil Statutes, art. 7331a note), appellee's deceased husband prepared a claim against appellant for said amount so erroneously paid into appellant's treasury, and presented said claim to the county auditor of Galveston county, and thereafter to the appellant herein for allowance, which claim was rejected and payment refused.

Defendant answered by general demurrer, general denial, special exceptions, plea of limitation statutes of two and four years, estoppel, and by cross-action, alleging in effect that upon application of William C. Lothrop, collector, the commissioners' court of Galveston county authorized Lothrop to employ a deputy in his office for the purpose of handling the delinquent tax work in said office during the period for which earnings are claimed in this suit; that such authority was granted, and such employment made.

Defendant prayed in effect that in the event the plaintiff is awarded the recovery sought that the salaries paid said deputy be offset against such award.

It was agreed by the parties that the total sum paid by Lothrop as salary to the deputy, so employed as tax deputy for the years involved in the suit, was $4,787.50.

Upon trial before the court without a jury, judgment was rendered for the plaintiff against defendant for the sum of $5,655.25, denying defendant any set-off by reason of its cross-action. Galveston county has appealed.

■ By appellant's first and second propositions it contends that House Bill No. 179, c. 95, p. 234, Acts of the First Called Session of the 41st Legislature, is unconstitutional, in that it is retroactive, retrospective, and ex post facto legislation, and does not suspend the running of the statutes of limitation in the present case; wherefore, the court erred in not sustaining the defendant's pleas of limitation.

We overrule such contention. By the act mentioned it is provided, among other things, as follows:

"Section 1. That any person in the State of Texas who formerly served as a duly elected and qualified Tax Collector of any county of this State while subject in that capacity to the terms and provisions of the law known as the Maximum Fee Bill, and who, during such time, collected and paid over to the Treasurer of such county the fees and commissions set out and provided for in Section 3 of Chapter 147, Acts of the Regular Session of the 34th Legislature, 1915, or any part of such fees and commissions, is hereby authorized to bring suit in any competent court of this State against such county so served by him to collect and recover all such fees and commissions so paid over by him. * * *

"Sec. 3. In case any such suit be brought against any county in this State for the purposes set out in Section 1 of this Act, no plea of limitation shall be available to such county as a defense to any such suit, and in any cross action filed by a county against the plaintiff in any suit authorized by this Act for money due the county by the Tax Collector, the plea of limitation to such cross action shall not be available to the plaintiff.

"Sec. 4. All laws and parts of laws in conflict with the provisions of this Act are hereby repealed.

"Sec. 5. The fact that the Supreme Court of Texas in the case of Bitter v. Bexar County, 11 S.W.(2d) 163, has held that Section 2, Chapter 64, of the Acts of the Second Called Session of the 36th Legislature, 1919, is unconstitutional, and the further fact that many Tax Collectors, acting under said Act, have erroneously paid money to some of the counties of this State, create an emergency, and a public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and that this Bill be put on its third reading and final passage, and it is so enacted."

Our Supreme Court in Limestone County v. Robbins, 120 Tex. 341, 38 S.W.(2d) 580, upheld the constitutionality of the act in question, wherefore further comment is unnecessary.

■ By its third and fourth propositions appellant contends that appellee is not entitled to a recovery, in that there was no evidence that Lothrop prepared and mailed to substantially all the delinquent land taxpayers in Galveston county notices as required by law, or that copies of such delinquent tax notices were delivered to the county attorney of Galveston county, or in lieu thereof a list of lands delinquent in said county, and a statement of the amount of state and county taxes due and unpaid, designating the year for which said taxes were due and the tract or tracts on which they were due, which are shown by the records to be in name of "Unknown Owners."

These contentions are answered adversely to appellant by the finding of facts filed by the trial court, the pertinent parts of which are as follows:

"I find as a fact that William C. Lothrop, as state and county tax collector of Galveston county, Tex., during the years 1921, 1922, and 1923, prepared and mailed to the addresses of the record owners of land situated in Galveston county, Tex., a notice showing the amount of taxes appearing delinquent against all such lands according to the delinquent tax records; that such notices contained a brief description of the land appearing delinquent and the various sums against such lands for each year that then appeared to be delinquent according to such records; that said tax collector furnished to the county attorney of Galveston county Tex., the duplicates of such notices and statements in accordance with the law; that said tax collector furnished on demand statements and notices of delinquent taxes with reference to any tract or lot of land; that said tax collector offered and/or tendered to the county attorney of Galveston county copies of all such notices; that said tax collector furnished to the county attorney on demand and/or request duplicate copies of notices retained in his office for use of the county attorney of Galveston county, Tex.; that said tax collector kept under his supervision, control, and direction all duplicate copies of notices issued, for the benefit of the county attorney of Galveston county, Tex.; that said notices furnished reliable data sufficient for the county attorney of Galveston county, Tex., to draw his petition and upon what to base his recovery in court for the taxes delinquent as shown by the delinquent tax notices and records, and that suits were instituted by the county attorney of Galveston county, Tex., the petitions having the notices furnished attached as exhibits; that such notices recited that unless the owner should pay the amount of taxes, interest, penalty, and costs within ninety days from the date of the notices, the county attorney would bring suit thereon; that during the years 1921, 1922, and 1923 the said tax collector furnished to the county attorney of Galveston county, Tex., notices and/or statements as to taxes delinquent on land and lots appearing on the records in the name of "unknown"; that the state and county tax collector prepared tax records and/or supplemental delinquent tax records for the years 1921 and 1922, which delinquent taxes were not included in the original delinquent tax records, which records were approved by the state comptroller and filed in his office; that said tax collector issued redemption receipts during each of the years 1921, 1922, and 1923, when delinquent taxes were paid by virtue of tax delinquent notices issued; that the tax collector checked all delinquent records when preparing and issuing delinquent tax notices and statements; that the state and county tax collector presented his claim for fees sued for herein to the county commissioners' court of Galveston county, Tex.; and was referred by said court to the county auditor for audit and report, which claim was audited and refused by the county auditor on July 30, 1929, and was rejected by the county commissioners' court, said fees being the sum of $5,655.25; that the tax collector during the year 1921 earned the sum of $1,429.48; during the year 1922 the sum of $2,775.51, and during the year 1923 the sum of $1,450.26 as commissions on delinquent taxes, and that said several sums were paid to Galveston county, Tex.; that William C. Lothrop's annual reports for the years 1921, 1922, and 1923, as state and county tax collector of Galveston county, Tex., were approved by the county auditor and all excess fees appearing thereon were paid to Galveston county, Tex.; and that said reports showed payment of all deputies employed by said tax collector during said years, and that same constituted a settlement between the tax collector and Galveston county."

We think the facts as stated by the trial judge are substantially shown by the evidence as disclosed by the statement of facts filed in this court, and they are here adopted as our own.

■ Appellant, for reversal of the judgment, in effect makes the contention that the court erred in refusing to permit the witnesses E. B. Holman, county judge, and J. A. Boddeker, county commissioner of Galveston county, to testify that the commissioners' court, when it authorized the appointment of a delinquent tax deputy, or deputy for the redemption department whose salary was to be paid from the fees of the tax collector's office, was laboring under the mistaken belief that such fees, consisting of 5 per cent. commission received from delinquent taxes collected by the collector, would be accounted for under the maximum fee bill then in force, and that such fees and commissions would inure to the benefit of Galveston county; such mistaken belief having been pleaded by the defendant.

There is no merit in such contention. Both parties pleaded and thereby admitted the facts sought to be proven by the proffered

testimony of Holman and Boddeker, the exclusion of which by the court is complained of. Wherefore, the exclusion of such testimony cannot be held to constitute reversible error.

█ In connection with the contention last stated, appellant, in effect, further contends that the commissioners' court of Galveston county, at the time it authorized the employment of a delinquent tax deputy and the payment of his salary, was acting under the mistaken belief that such salary should be paid out of the 5 per cent. commissions allowed by law to the tax collector for collecting delinquent taxes, and therefore the amount paid as said salary or salaries should be, in this suit, allowed as an offset against the recovery awarded appellee, and the refusal of the court to award to appellant such offset was error.

Such contention, we think, is without merit. The law made it one of the duties of the tax collector's office to collect delinquent taxes. Such collection is made a part of the labors to be performed by the collector, and the necessary force furnished to him by the commissioners' court. The collection of delinquent taxes is not to be taken as a segregated duty from the other duties of the office.

For the reasons pointed out, the judgment is affirmed.

Affirmed.