

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. G. A. Neal
County Auditor
Ellis County
Waxahachie, Texas

Opinion No. O-6183

Re: Right of county to recover back
excess salaries paid to County Attorney.

Dear Mr. Neal:

In your letter of August 24, 1944, you propound the following question for an opinion with respect to the above subject matter:

"Under an opinion of the Attorney General's Department of several years ago, we paid a salary of $5500.00 to the District Attorney, but after we had paid our District Attorney for Fourteen months salary at $5500.00 per year, the Supreme Court ruled that we had no District Attorney, but County Attorney, that his salary was $4250.00 per year. This finds that we have overpaid the last Attorney $1500.00. Does the law require the Auditor shall hold this amount out of his salary until paid, as it does in other cases due the County?"

You are respectfully advised it is the opinion of this department that you, as Auditor, are not authorized to withhold any sum from the amount due to a County Attorney as salary to reimburse the county for an over-payment previously made to such officer.

The principle of law underlying this rule is that where there has been a payment of money by one to another under a mutual mistake of law, the payment being voluntary, there can be no recovery back.

Chief Justice Roberts said in an early case:

"When money is paid under a mutual mistake of law, the mistake of law, in and of itself, is no ground for recovering it back. All persons are equally presumed to know the law, and in such case both parties are equally at fault, and equally innocent of wrong done. To admit ignorance of law to be legally recognized as a fact sufficient in itself to pervert the will of the parties doing the

act, so that it should be said and held that the will did not concur with the act done, thereby relieving him from the responsibility for and the consequences of the act, would render the administration of the law impracticable; and hence the rule is founded upon a political necessity as well as upon public policy."-- Galveston County v. Gorham, 49 Tex. at p. 303.

See also, Limestone County v. Robbins, 38 S.W.(2) 581.

In the quite recent case of Stegall, Sheriff, v. McLennan County, 144 S.W. (2) 1111, following and quoting the Old Alcalde, Justice Tire said in affirming a judgment:

"We think the directed verdict must be sustained on two grounds. First of all, the plaintiff's cause of action as pleaded, as well as the facts introduced to support same, shows that the fees in question collected by him from the state and accounted by him to said county were done solely as the result of a mistake of law. As we view the matter, there was no mistake of fact. That is to say, the sheriff rendered the service that he claimed to have rendered on each of the warrants for which payment was made to him by the state, and his charge to the state therefor and collection of the items so charged was a mistake of law. It was likewise a mistake of law when he took such sums into consideration in his accounting to and with defendant county. It appears that our courts have uniformly held that an action does not lie in such cases. Limestone County v. Robbins, 120 Tex. 341, 38 S.W.2d 580, point p. 582; Gilliam v. Alford, 69 Tex. 267, 6 S.W. 757; Taylor v. Hall, 71 Tex. 213, 216, 9 S.W. 141. We think the rule in Texas is: 'When money is paid under a mutual mistake of law, the mistake of law, in and of itself, is no ground for recovering it back. All persons are equally presumed to know the law, and in such case both parties are equally at fault, and equally innocent of wrong done. To admit ignorance of law to be legally recognized as a fact sufficient in itself to pervert the will of the parties doing the act, so that it should be said and held that the will did not concur with the act done, thereby relieving him from the responsibility for and the consequences of the act, would render the administration of the law impracticable; and hence the rule is founded upon a political necessity, as well as upon public policy.' Galveston County v. Gorham, 49 Tex. 279, point page 303."

The Supreme Court dismissed the application--correct judgment.

There is appended to the case of Chrysler Light & P. Co. v. Belfield, (N.D.) 224 N.W. 871, 63 A.L.R. at p. 1354, a valuable annotation on the application of this rule to payments made by governmental authorities.  It is there said:

"The general rule that money paid under a mistake of law, rather than one of fact, cannot be recovered back, has been applied in many cases to payments made to private individuals or concerns by governmental authority, most of the courts being unwilling to make any exceptions in such a case."

Some exceptions follow, among which the annotator has listed Cameron County v. Fox, 2 S.W.(2) 433.

An examination of that case will show, however, that it is not an exception at all.  It is easily distinguishable from the rule we are discussing, in this, that the right of the county there recognized to recover from the County Assessor a sum of money paid to cover the premium on the Assessor's official bond, was allowed upon the specific ground that the Commissioners' Court in the first place had no authority--jurisdiction-- to pay out money upon any such item.  The Commissioners' Court, therefore, was not acting as officers of the county, in contemplation of law, for they had exceeded their powers under the statute, and assumed to act with respect to such matter, and to pay out the county's money without any authority of law whatsoever.  This is made clear in the opinion which says:

"We think the rule invoked cannot be applied to the action of the Commissioners' Court in allowing this claim, for the reason that the statute under which the same was allowed has no application to Cameron County, unless its total taxable valuations are in excess of $30,000,000.00. Unless the conditions stated in the statute existed in Cameron County, the Commissioners' Court was wholly lacking in power or authority to allow such claim. ***

"Notwithstanding the payment to defendant in error was voluntarily made, the same being without lawful authority, the amount so paid may be recovered in an action by the county."

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ Ocie Speer
Ocie Speer, Assistant

APPROVED SEP 22, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE
BY:     BWB, CHAIRMAN
OS-MR:wb