SHERMAN COUNTY v. ROSS. (No. 1215.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1917. Rehearing Denied Oct. 31, 1917.)

TAXATION ⬤⟶549(4)—PREPARATION OF DELINQUENCY RECORD—FEE—"RECORD OR SUPPLEMENT."

Under Acts 34th Leg. c. 147, § 2, providing that in certain cases the tax collector shall prepare a supplement to the delinquency tax record of the county, which shall be prepared in duplicate to be filed, etc., and section 3, providing that the tax collector shall be entitled, for making up the delinquent record or supplement thereto where necessary, to five cents for every line of yearly delinquencies recorded or supplemented, although the tax collector prepared delinquent tax record in duplicate, he was not entitled to five cents per line for both, but only for one; the term "the record or supplement" being an indivisible entity, having its existence in each of the two copies prepared.

Appeal from District Court, Sherman County; D. B. Hill, Judge.

Action by Arthur Ross against Sherman County. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Kimbrough, Underwood & Jackson, of Amarillo, for appellant. W. I. Gamewell, of Stratford, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellee.

BOYCE, J. A decision of this case involves the construction of a portion of sections 2 and 3 of the Acts of the Legislature for the year 1915, pages 251, 252, providing for the preparation of delinquent tax records of the various counties, and compensation to the collectors for said work.

Appellee, tax collector of Sherman county, claimed to have prepared a delinquent tax record for said county under the provisions of

section 2 of said act, which makes it the duty of the collector of the county in certain cases to prepare certain delinquent records, and sued to recover compensation therefor provided by section 3 of said act, said compensation being five cents for each line of delinquencies entered upon the record. The appellee, having prepared the record in question in duplicate, one copy being approved by the commissioners' court, and filed with the county clerk of Sherman county, and the other being approved by and filed with the comptroller of public accounts, claimed that he was entitled to receive five cents per line entered on each copy of the record. The commissioners' court of the county paid appellee, without prejudice to his right to recover the additional sum if he should be so entitled, compensation at the rate of five cents per line computed on one copy, and the appellee in the court below recovered judgment for the sum of five cents per line computed on the other copy of the record.

We here quote that part of the act bearing on the controversy thus presented. Section 2 provides that, in certain cases:

"It shall be the duty of the tax collector * * * to prepare or cause to be prepared, a supplement to such records (the delinquent tax record of the county) which shall be prepared in duplicate; one copy to be filed in the office of the county clerk and one copy thereof to be furnished to the comptroller of public accounts, subject to his approval; and whenever said supplement shall have been approved by the commissioners' court and by the state comptroller, then the tax collector shall rely thereon for the data covering delinquent taxes," etc.; "provided, said tax collector in making up said delinquent tax record and supplement shall examine the records of the district court," etc.; "and no tract of land shall be shown delinquent on said delinquent tax record for any year where the records of the district court or the county clerk's office show that the taxes for the said year have been paid."

Section 3 of said act provides that:

"The tax collector shall * * * be entitled for making up the delinquent record or supplement thereto, where necessary under this act, the sum of five cents for each and every line of yearly delinquencies entered on said delinquent record or supplement, such compensation to be paid out of the general fund of the county upon the completion of said record or supplement."

It will be noted that the Legislature, throughout the act, treats "the record or supplement" in the singular. The idea conveyed to us is that the record, or supplement, as the case may be, is regarded as a single, indivisible entity, having its existence in each of the two copies prepared. This is the conception we have of all writings prepared in duplicate. Two persons enter into a written contract, executed in duplicate; there is but one contract between the parties; each of the writings is "the contract," and each writing is but the counterpart or double of the other. If section 3 of the act of the Legislature had provided that the tax collector should receive a stated sum for preparation of "the record or supplement" prepared under the provisions of section 2, it could hardly be reasonably asserted that he should receive such sum for each of the two copies of the record or supplement; but the vast difference between the size of the record in the various counties, and consequently the amount of work necessary in their preparation, required that the compensation be measured by some standard that would adjust it to the varying amount of work in each instance, hence the provision quoted which fixed such compensation by the number of lines entered on "said record or supplement." We cannot think that the Legislature contemplated that each copy of the record was to be regarded as a separate record, so that there would be two records in each case on which the compensation should be based. If this had been contemplated it would have been easy for the Legislature to have provided that five cents should be paid for each and every line of yearly delinquencies entered on each copy of said record. We are of the opinion that the conception of oneness of the record prepared in duplicate, which evidently runs through the balance of the act, is also present in this provision for compensation for its preparation. See Dwyer v. City of Brenham, 70 Tex. 30, 7 S. W. 598.

This holding disposes of the case, and it will be unnecessary to discuss the other questions raised by appellant's brief.

The judgment will be reversed, and rendered for appellant.