## WHITE v. NAVARRO COUNTY et al.
### No. 974:

Court of Civil Appeals of Texas. Waco.
June 18, 1931.

Davis, Jester & George, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellees.

GALLAGHER, C. J.

This suit was instituted by appellant, Fred White, against appellees Navarro County and the several members of the commissioners' court of said county in their respective official capacities, to recover the sum of $2,892.67, which he alleged was owed him as compensation for certain services rendered by him as tax collector of said county. Appellant alleged that he was the duly elected, qualified, and acting tax collector of said county from December 1, 1920, to December 31, 1924; that during his entire term of service as such officer he was subject to the terms and provisions of the maximum fee bill; that from December 1, 1920, to November 30, 1923, he earned as fees and commissions for preparing delinquent tax rolls and collecting delinquent taxes the sum of $3,874.74; that he was entitled under the provisions of section 3 of chapter 147, General Laws 34th Legislature, Regular Session, 1915, to receive and retain such fees and commissions as compensation for his services in that connection, in addition to all other amounts allowed him under the provisions of the maximum fee bill; that, under the erroneous belief that said section 3 of the act aforesaid had been repealed, he considered the fees and commissions so collected subject to the provisions of the maximum fee bill and the amount of the same a part of the excess fees received by him over and above the salary allowed him under the provisions thereof; that, acting on said understanding and belief, he retained in his hands one-fourth only of said fees and commissions and paid the remaining three-fourths thereof, amounting in the aggregate to $2,892.67, into the treasury of said county. He further alleged that after the enactment of chapter 95, General Laws 41st Legislature, First Called Session, 1929 (Vernon's Ann. Civ. St. Art. 7331a, note), he prepared a claim against said county for said sum so erroneously paid into its treasury by him as aforesaid and presented the same to the county auditor; that said claim was duly allowed by said auditor and then presented to the commissioners' court of said county for allowance and payment, but that said court refused to allow or pay the same. Appellees pleaded general denial and the statutes of limitation of two and four years, respectively.

The case was tried to the court, and judgment rendered that appellant take nothing by his suit. Hence this appeal.

### Opinion.

Appellant presents a group of assignments of error in which he assails the action of the court in denying him a recovery. The testimony showed without dispute that appellant was the duly elected, qualified, and acting tax collector for said years; that he prepared a delinquent tax roll for the years 1919 and 1920; that the statutory fee therefor was $133.25; that he collected certain delinquent taxes during the years 1920 to 1923, inclusive, and that 5 per cent. commission thereon amounted in the aggregate to $3,774.80; that he received his full salary for said years under the maximum fee bill exclusive of said fees and commissions; that he considered the same as excess fees and retained in his hands one-fourth thereof and paid the remaining three-fourths into the county treasury.

Our Supreme Court has held that the compensation allowed tax collectors under the act of 1915 above cited for preparing delinquent tax rolls and collecting delinquent taxes was intended by the Legislature to be in addition to the several amounts allowed to them under the provisions of the maximum fee bill. Curtin v. Harris County, 111 Tex. 568, 575, 242 S. W. 444. Said section of said act remained in full force and effect until the same was repealed by chapter 13, General Laws 38th Legislature, Second Called Session, 1923, which became effective on the 15th day of August of that year. Appellant was by the act of 1929 above cited expressly authorized to sue for the recovery of the fees and commissions claimed by him in this case and erroneously paid by him into the county

treasury under the mistaken belief that they were included within the terms of the maximum fee bill. The county was by the terms of said act denied the right to plead limitation as a defense to such claim. The conditional right of action conferred on the respective tax collectors by that act became vested when the same became effective. The repeal of said act by chapter 3, General Laws 41st Legislature, Fourth Called Session, 1930, did not destroy such right. Appellant's suit was pending at that time, and his rights were in no way affected thereby. Limestone County v. Robbins (Tex. Com. App.) 38 S.W.(2d) 580.

█ Appellant, to sustain his claim for commissions for the collection of delinquent taxes, should plead and prove affirmatively that he performed the additional duties required of him in such connection by the several provisions of said act of 1915. Curtin v. Harris County, supra, 111 Tex. p. 577, 242 S. W. 444; Limestone County v. Robbins, supra. He will in no event be entitled to recover commissions on delinquent taxes collected by him on or after the 15th day of August, 1923.

The judgment of the trial court is reversed, and the cause is remanded.