## HILL COUNTY v. WILLIAMS.
### No. 1262.

Court of Civil Appeals of Texas. Waco.
Oct. 6, 1932.

Frazier & Averitte, of Hillsboro, for appellant.

J. E. Clarke, of Hillsboro, for appellee.

ALEXANDER, J.

This suit was brought by C. R. Williams against Hill county to recover certain sums claimed to be due the plaintiff as the former tax collector of Hill county. The plaintiff was tax collector of said county from December 1, 1920, to December 31, 1924. Under the provisions of the Acts of 1915, 34th Leg., Regular Sess., p. 250, c. 147, it was provided that the tax collector should receive a commission of 5 per cent. on all delinquent taxes collected and the sum of 5 cents per line for making up the delinquent tax records or supplements thereto. The plaintiff claimed that he collected the delinquent taxes for the years 1921, 1922, and 1923, and made up the supplements to the delinquent tax records for the years 1921 and 1922; and that he paid the commission due him for the collection of such delinquent taxes, together with the amount allowed him for making up the supplements to the delinquent tax records, to the county treasurer under a mistaken belief that he was not entitled to retain same. The suit was to recover such commissions and compensation as authorized by the provisions of the Acts of 1929, 41st Leg., 1st C. S., p. 234, c. 95 (Vernon's Ann. Civ. St. art. 7331a note). A trial before the court without a jury resulted in judgment for plaintiff for the sum of $3,964.90, being the commissions claimed to be due for the collection of delinquent taxes, and the sum of $436.40 claimed to be due for preparing the supplements to the tax record. The defendant appealed.

The appellant presents the proposition that the appellee wholly failed to prove that he had complied with the provisions of the law entitling him to the fees and commissions sued for. The act authorizing the tax collector to receive such commissions for the collection of delinquent taxes required him to mail to the address of every record owner of land on which taxes were delinquent a notice showing the "various sums or amounts due against such lands or lots for each year they appear to be delinquent according to such records." Acts 1915, 34th Leg., Regular Sess., p. 250, c. 147, § 1. The same act made the performance of such duties by the tax collector mandatory, and it has been held that the tax collector in order to recover such commissions must show at least a substantial compliance therewith. Curtin v. Harris County, 111 Tex. 568, 242 S. W. 444; White v. Navarro County (Tex. Civ. App.) 40 S.W.(2d) 868. The evidence shows without dispute, and the trial court found, that said tax collector during each of such years mailed to the record owner of each tract of land on which the taxes were delinquent for the current preceding year a written notice showing the amount of taxes delinquent and unpaid for the preceding current year only, and did not include in such notice a statement of the taxes due and unpaid thereon for each preceding year other than the preceding current year. This was not a substantial compliance with the provisions of this law. The law requires that such notice show the amount of taxes due for "each year." As said by the Supreme Court in Curtin v. Harris County, 111 Tex. 568, 242 S. W. 444, at page 447: "The notice that he sent out failed to comply with the requirements in some important particulars, especially in that it did not give the 'various sums or amounts due against such lands or lots for each year.'"

Moreover, the evidence shows without dispute that if the taxes had been paid on a particular tract of land for the preceding current year, no notice was sent to the record owner thereof even though the taxes were delinquent thereon for other preceding years. The law requires that such notice be sent to every record owner of any land on which any taxes are due. The sending of such notice to the then owner is a necessary prerequisite to a foreclosure of the lien. Hunt v. State, 110 Tex. 204, 217 S. W. 1034; Barber v. State (Tex. Civ. App.) 212 S. W. 292. The collector seeks to excuse his failure to comply literally with the law by showing that on each previous year either he or his predecessor in office

had sent to the then record owner of each of such tracts of land a notice showing the amount of taxes delinquent and unpaid thereon, and his contention is that if the owner of such land had retained such notices he would at all times have had in his possession notices showing the total amount of taxes due thereon. It is apparent, however, that under the policy pursued by the collector, if one had recently become the record owner of land on which the taxes were delinquent for some preceding year other than the preceding current year, he would not have received notice of such delinquent taxes. To illustrate, if the land had been delinquent for the years 1916 to 1919 and the ownership thereof had changed during the year 1921 and the new owner had paid the taxes thereon for that year, he would not have received any notice that the taxes were delinquent for preceding years; or if such new owner had failed to pay the taxes for the year 1921 he would have received notice that such taxes for the year 1921 were delinquent, showing the amount thereof, but would not have been notified that the taxes for the years 1916 to 1919 were unpaid.

■ The appellee also failed to perform his duty in another important particular. The same act requires the collector to deliver to the county or district attorney a duplicate of the notices sent to each record owner. The object in requiring duplicates of such notices to be delivered to the county attorney was to enable him to file suit for the taxes, and the law contemplated that such duplicates should contain reliable data sufficient to enable such attorney to draw his petition and upon which to base a recovery in court for the delinquent taxes. Curtin v. Harris County, 111 Tex. 568, 242 S. W. 444–447. The duplicates furnished by the appellee not only failed to show all the delinquent taxes due for each year as above indicated, but they showed the total amount of taxes due and unpaid for the preceding year by such record owner on all land owned by him in the county in bulk and did not show separately the amount of taxes delinquent on each separate tract. It is apparent that if such attorney had relied on the duplicates of such notices in filing tax suits, he would have filed suit for the taxes delinquent for the preceding year only, as shown by the duplicates furnished him, and would not have included the taxes delinquent for other preceding years, not shown by the duplicates, as the law contemplates. If such attorney had foreclosed a lien for the taxes for the preceding year only and had not included the delinquent taxes for other years and had sold the property in satisfaction of such judgment, the state's right to collect the taxes delinquent for other preceding years might have been cut off. State v. Liles (Tex. Civ. App.) 212 S. W. 517. Moreover, it was necessary that the county attorney be advised by such duplicate notices of the amount of taxes due on each tract of land separate from the taxes delinquent on other tracts belonging to the same party in order to enable him to properly foreclose the lien; for if two or more tracts belonging to the same owner had been rendered separately, the lien could not have been foreclosed in solido against all of the tracts for the total taxes due by such owner. Slater v. Ellis County Levee Improvement District (Tex. Civ. App.) 42 S.W.(2d) 867.

Since the tax collector did not substantially comply with the provisions of the statute with reference to sending notices to the record owner nor in furnishing information to the county attorney, he was not entitled to recover the 5 per cent. commission on the delinquent taxes so collected by him.

■ The trial court found that the appellee substantially complied with the law in making up the supplement to the delinquent tax records for the years 1921 and 1922. The court further found that the appellee had paid the amount collected by him for such services into the county treasury under a mistaken belief that he was not entitled to retain same, and the court allowed a recovery therefor in the sum of $436.40. The appellant contends that the compensation allowed tax collectors for making up delinquent records and for sending out the delinquent notices and collecting the delinquent taxes are interdependent, and since the appellee did not comply with the law in sending out the delinquent notices, he is not entitled to collect for his services in preparing the supplement to the delinquent tax rolls. In each of the cases of Curtin v. Harris County, 111 Tex. 568, 242 S. W. 444, and Limestone County v. Robbins (Tex. Com. App.) 38 S.W.(2d) 580, the court found that the collector had not substantially complied with the law with reference to sending out delinquent tax notices and denied a recovery for the 5 per cent. commission for the collection of the delinquent taxes, but allowed a recovery of 5 cents per line for preparing the supplement to the delinquent tax records. Relying on the above authorities, we overrule the appellant's contention.

The appellant next contends that since the act of 1929 authorizing the filing of such suits was repealed by chapter 3, General Laws, 41st Leg., 4th C. S., the appellee's cause of action is now barred by limitation. This contention was overruled in the case of Limestone County v. Robbins (Tex. Com. App.) 38 S.W.(2d) 580, par. 9. The trial court did not err in allowing the appellee to recover for his services in preparing the supplement to the delinquent tax records.

The judgment of the trial court allowing the appellee a recovery of $3,964.90, as commission on delinquent taxes collected, is reversed, and judgment here rendered denying him a recovery for such commission. The judgment in all other respects is affirmed.