## ELLIS COUNTY v. McKAY.
### No. 2752.

Court of Civil Appeals of Texas. El Paso.
Dec. 22, 1932.

Rehearing Denied Jan. 19, 1933.

Archie D. Gray, of Waxahachie, and A. R. Stout, of Ennis, for appellant.

Lem Wray and J. C. Lumpkins, both of Waxahachie, for appellee.

PELPHREY, C. J.

Appellee, from December 1, 1920, until December 31, 1924, was the tax collector of Ellis county. On February 14, 1930, he filed this suit seeking to recover from appellee the sum of $4,420.76, alleged to be due him as commissions on delinquent taxes collected by him and for compiling certain delinquent tax records at the rate of 5 cents per line.

The case was submitted to a jury on special issues, all of which were found by them against appellee.

Upon the motion of appellee, however, the court set aside the answer of the jury to issue No. 10, and rendered judgment in favor of appellee for $203.25, with interest thereon from December 1, 1922; this amount being fees for compiling the supplemental delinquent tax record for the year of 1922.

From this judgment Ellis county has appealed.

### Opinion.

Appellant presents eight propositions in its brief, which, in substance, are: (1) That, the interested testimony of appellee failing to show that the supplemental delinquent tax record of 1922 was made in the manner and at the time required by law, the jury's answer to issue No. 10 was supported by the evidence, and the trial court erred in rendering judgment in favor of appellee, notwithstanding such finding; (2) that, appellee having failed to make out a prima facie case, the court should have instructed a verdict for appellant; (3) that the cause of action was clearly barred by the four-year statute of limitations; (4) that, appellee's testimony showing that he had voluntarily paid over the sums sought to be recovered, he was not entitled to

recover them; (5) that, the evidence showing that the sums here sued for were commingled with other general tax accounts and not kept in a separate account as required by law, appellee was debarred from recovering any sum from appellant; and (6) that, appellant being a county, and there being no exception in this case which would entitle appellee to recover interest, the court's judgment allowing appellee interest was erroneous.

It will be seen from what has heretofore been stated that more than four years had elapsed between the time appellee's cause of action arose and the filing of this suit, and appellant excepted to appellee's petition on the ground that the action was barred by the four-year statute of limitation. This exception was overruled by the court, and appellant now contends that such action was error. Appellee, on the other hand, asserts that the filing of his suit was timely by reason of the following provisions of an Act of the Forty-First Legislature (1929 [1st Called Sess.] c. 95):

"Section 1. That any person in the State of Texas who formerly served as a duly elected and qualified Tax Collector of any county of this State while subject in that capacity to the terms and provisions of the law known as the Maximum Fee Bill, and who, during such time, collected and paid over to the Treasurer of such county the fees and commissions set out and provided for in Section 3 of Chapter 147, Acts of the Regular Session of the 34th Legislature, 1915, or any part of such fees and commissions, is hereby authorized to bring suit in any competent court of this State against such county so served by him to collect and recover all such fees and commissions so paid over by him, provided such suit shall be brought in the county where such fees and commissions were collected and erroneously or wrongfully paid over as hereinabove set out."

"Sec. 3. In case any such suit be brought against any county in this State for the purposes set out in Section 1 of this Act, no plea of limitation shall be available to such county as a defense to any such suit, and in any cross action filed by a county against the plaintiff in any suit authorized by this Act for money due the county by the Tax Collector, the plea of limitation to such cross action shall not be available to the plaintiff."

"Sec. 5. The fact that the Supreme Court of Texas in the case of Bitter v. Bexar County, 11 S.W.(2d) 163, has held that Section 2, Chapter 64, of the Acts of the Second Called Session of the 36th Legislature, 1919, is unconstitutional, and the further fact that many Tax Collectors, acting under said Act, have erroneously paid money to some of the counties of this State, create an emergency, and a public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and that this Bill be put on its third reading and final passage, and it is so enacted."

This act, it appears, was repealed (Acts 1930 [4th Called Sess.] c. 3) on the same day appellee's suit was filed, and appellant makes the further contention that appellee, not having filed his suit before the repeal of the statute, lost his right thereunder, and was relegated to and had only such rights as he might have had prior to its enactment.

The above act and its effect was before the Court of Civil Appeals of the Tenth Supreme Judicial District in the case of Limestone County v. Robbins. That court certified the controlling questions, among which was the one of limitations, to the Supreme Court. The certified questions were referred to section A of the Commission of Appeals and in 120 Tex. 341, 38 S.W.(2d) 580, 584, the commission, after quoting that portion of the act above quoted, had the following to say: "The conditional right of action which was conferred on the respective tax collectors by the 1929 act became vested when that act became effective. The Legislature, because of the constitutional restriction against retroactive laws, had no authority afterwards to take away this right of action altogether, even though no action had been instituted. Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249; Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447. The repealing act had no other effect on this conditional right of action than to bring it under the operation of the general statutes of limitation, which, prior to that time, had not begun to run against it."

This opinion of the commission was adopted by the Supreme Court. While it is true that the suit in that case had been instituted before the act was repealed, still we fail to see under the holding as just quoted how the statute would apply here and not there. If, as the court said, the repealing act merely put into operation the general statutes of limitation, then a tax collector, seeking to recover the moneys contemplated by the act, might bring his suit at any time within the statutory period from that date.

Among others, the following issue was submitted: "Special Issue No. 10. Do you find from a preponderance of the evidence that Barney McKay, when there were as many as two years back taxes due and unpaid from delinquent tax payers, prepared or caused to be prepared in duplicate, a delinquent tax record supplement showing the amount of delinquent taxes appearing against all such lands and lots, separately shown for each item of tax, interest, penalty and costs, for each of said years so delinquent, and not theretofore appearing on other such records?"

The jury answered this question in the negative, and appellee in his motion to set

aside the verdict attacked that finding on the ground that the uncontradicted ·evidence demanded an answer in the affirmative thereon.

The trial court sustained that part of appellee's motion and awarded him a judgment for the making of the supplemental delinquent tax record of 1922.

■ Appellant now questions the correctness of such action by the court, and contends that it was error because appellee failed to plead and prove that 'he had prepared the record in a legal manner, and that the only evidence tending to show that the record had been prepared according to law came from interested witnesses, upon whose testimony suspicion had been cast, thereby making the question whether he had performed all the acts required by law one for the jury.

Section 2 of chapter 147, of the Thirty-Fourth Legislature (1915), contained the following provision as to the making of supplemental delinquent tax records, such as appellee here seeks to collect for: "And it shall be the duty of the tax collector, whenever there shall be as many as two years of back taxes that have not been included in such delinquent tax records to prepare or cause to be prepared a supplement to such records which shall be prepared in duplicate, one copy to be filed in the office of the county clerk and one copy thereof to be furnished to the Comptroller of Public Accounts subject to his approval; and whenever said supplement shall have been approved by the commissioners' court and by the State Comptroller, then the tax collector shall rely thereon for the data covering delinquent taxes for said years in making out the notices or statements provided for in Section 1 of this Act; provided, said tax collector in making up said delinquent tax record and supplement, shall examine the records of the district court and the county clerk's office of his county and no tract of land shall be shown delinquent on said delinquent tax record for any year where the records of the district court or the county clerk's office show that the taxes for said year have been paid."

Upon the failure of the evidence to show that appellee, in making up the supplement for which he here recovered judgment, examined the records in the district court or county clerk's office, appellant now contends that he has not shown himself entitled to recover therefor. We think the position is well taken. It is apparent that the Legislature intended that no taxpayer's property should be listed upon the delinquent tax record until a check had been made to ascertain if in truth and in fact the taxes had not been paid; the purpose, of course, being to prevent confusion to make the record reveal the truth, and to save the taxpayer from embarrassment. And we further think that a tax collector, before he would be entitled to recover for the making up of such delinquent record, would be called upon to show that he had made the check called for by the act, and that the records of the district court and county clerk's office did not show ·that the taxes for either of the years in question had been paid.

Without such a check having been made, we fail to see how any substantial compliance with the law and its purposes could be had, and a substantial performance of the duties is required before a tax collector can recover such fees. Limestone County v̇. Robbins, supra; Curtin v. Harris County, 111 Tex. 568, 242 S. W. 444.

If we be correct in this holding, then it becomes unnecessary to consider the remaining question raised.

■ Appellant further contends that its general demurrer to appellee's petition should have been sustained by the trial court because it failed to allege specifically that the claim sued upon had been presented to the commissioners' court and by it refused.

Appellee refers us to paragraph VI of his second amended petition, which ' reads: "Plaintiff says that the aforesaid additional commissions were in fact collected by him and paid over by him wrongfully and erroneously to the defendant, its officers and agents, on its request and demand, all as alleged herein, and that by reason of the acceptance and retention thereof by the defendant and the appropriation of said sums òf money to its own use and benefit, the defendant became liable, and bound to pay, and became obligated to pay to plaintiff said sum of money, and, though plaintiff has often demanded the repayment of said sums of money to the defendant, as provided by statute, it has wholly failed and refused to pay the same or any part thereof, and still refuses to do so, and because thereof, plaintiff brings this suit."

Under the rule that every reasonable intendment must be given pleadings as against a general demurrer, we think the allegation, "though plaintiff has often demanded the repayment of said sums of money to the defendant, as provided by statute, it has wholly failed and refused to pay the same or any part thereof," is sufficient to justify the trial court in overruling appellant's general demurrer. Appellee by cross-assignment contends that he was entitled to a judgment, non obstante veredicto, for commissions on delinquent taxes collected by him for the years 1921 and 1923. In view of the fact that the judgment must be reversed and the cause remanded, we shall not attempt a discussion of the evidence on that feature of appellee's claim. To entitle a party to a judgment notwithstanding the findings of the jury, it must appear that under no view of the pleadings and evidence would the opposite party be entitled to prevail. Vogel v. Allen, 118 Tex. 196, 13 S.W.(2d) 340, and cases cited.

Suffice it to say that the record here does not fall within that category.

■ The proposition that appellee should not recover because of his voluntarily having paid over the money to appellant is, in our opinion, without merit. The very act which allowed tax collectors to maintain suits of this character appears to have contemplated that moneys paid over to the counties under facts as here shown could be recovered. The cases cited by appellant therefore do not apply.

■ ■ Appellant also complains of that portion of the court's judgment allowing interest from December 1, 1922, asserting that it, being a county, would not be liable therefor.

We are inclined to agree with appellant that, the money not having been paid over under protest, the claim not arising out of a contract, and the act of the Legislature which gave him the right to recover after his cause of action was barred by limitation having not conferred the right to recover interest, he would not be entitled thereto.

As has been before said, the act prevented the county from defending on either the ground of limitation or voluntary payment, therefore it was necessary for appellee to rely upon the act in order to recover, and we are of the opinion that under such a state of facts he would be entitled to recover only that which the act authorized, to wit: "All such fees and commissions so paid over by him."

. For the reasons heretofore stated, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

■ Appellee has filed a motion for rehearing in which he asserts that we were in error in holding that he had failed to prove that he had substantially performed his duty in making up the delinquent tax record supplement. He cites us to the testimony of appellee to the effect that he had made up the delinquent tax supplement roll for the years 1920 and 1921; had certified to it; had had it approved; and had checked and verified it.

If that had been the only testimony from appellee on this subject, the position of appellee would be well taken, but we also find the following testimony from him as to what he did in making up the delinquent roll: "I made two copies of the delinquent tax rolls. I would first get from our block book what we called a skeleton sheet, and arrange the property according to the abstract numbers, that is the land, for the years it was delinquent; and if it was city property, we would arrange it according to towns, alphabetically I believe it was; and then we would divide the taxes into State ad valorem, State school, State pension, and then the County ad valorem, the school, county road, and when we got this skeleton completed we would check it against our block books of all delinquent stuff; and then made two copies of this on our permanent record, dividing the taxes in a similar manner, giving each piece of property a line to itself, and showing the years the property was delinquent; and after we got this compiled we got it approved by the Commissioners' Court, and then mailed it to the State Comptroller at Austin; and he would check and approve them, and return one copy to me for my office permanent record, and keep the other one. Upon this copy in our office I would issue notices to the delinquent tax payers and mail them out, as I have already explained."

The above testimony shows what was done by appellee in making up the delinquent tax roll, and certainly fails to show that he ever made any check of the records of district court or the county clerk's office.

If appellee's testimony that he had checked and verified the delinquent tax supplement roll had the effect contended for now by appellee, then this evidence certainly contradicts and casts suspicion upon it.

With this further explanation of the facts, the motion will be overruled.