## SPENCE v. NATIONAL LIFE & ACCIDENT INS. CO.

### No. 12783.

Court of Civil Appeals of Texas. Fort Worth.

March 4, 1933.

Rehearing Denied April 15, 1933.

Charles T. Rowland, of Fort Worth, for appellant.

Hampden Spiller and Ratcliff & Christian; all of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellee issued, on January 26, 1931, to Henry K. Spence, its policy of insurance upon his life, payable to appellant, conditioned upon insured being in sound health at the time of delivery of said policy and not having had cancer or disease of the kidney or chronic bronchitis. Insured died in August, 1931, after having been sick more than three months and operated upon in connection therewith.

Upon suit on the policy, the appellee answered that each of the conditions upon which the policy was to become effective had not been fulfilled.

The case was submitted to a jury, which found that deceased was of unsound health at delivery of the policy and that he did not on said date have cancer or disease of the kid-

neys. The court thereupon entered judgment for appellant on February 26, 1932, on the verdict, and thereafter, on April 1, 1932, at the same term, set aside that judgment and entered judgment for the appellee after motion and notice thereon for judgment notwithstanding the verdict.

We see no reason why the court may not within the time allowed for its control over its own judgment and upon proper procedure set aside a judgment upon a verdict and enter the judgment it should have entered in the first instance. Hume v. John B. Hood Camp (Tex. Civ. App.) 69 S. W. 643.

This brings us to the judgment entered notwithstanding the verdict.

Acts of the 42d Legislature, c. 77, p. 119 (Vernon's Ann. Civ. St. art. 2211 and note) provides:

"Section 1. That Article 2211, of the Revised Civil Statutes of the State of Texas of 1925 be and the same is hereby amended so as to read hereafter as follows:

"'Article 2211. The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the Court may render Judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. Only one final judgment shall be rendered in any Cause except where it is otherwise specially provided by Law. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or intervenors.

"Sec. 2. That all laws and parts of laws in conflict herewith be and the same are hereby repealed."

This act made two additions to our court practice. First, enlarged the judgment non obstante veredicto; and, second, empowered the court to disregard any special issue jury finding that has no support in the evidence. "Non obstante veredicto" has a definite meaning. At common law a judgment non obstante veredicto was not allowed unless the facts alleged did not support the verdict. Sternberg v. First Nat. Bank of Camden (C. C. A.) 280 F. 863; City of Ft. Scott v. W. G. Eads Brokerage Co. (C. C. A.) 117 F. 51, cert. denied 187 U. S. 647, 23 S. Ct. 846, 47 L. Ed. 348; Board of Councilmen of City of Frankfort v. Deposit Bank (Ky.) 60 S. W. 19; Scharff Distilling Co. v. Dennis, 113 Ark. 221, 168 S. W. 141; Willoughby v. Willoughby, 60 Q. B. 722.

It seems equally well settled that at common law judgment non obstante veredicto did not lie in a case where the pleadings were sufficient but the evidence insufficient to support the verdict. Cook v. Hale & Ward (D. C.) 210 F. 340; U. S. v. Gardner (C. C. A.) 133 F. 285; Stevenson v. Moore (Ky.) 118 S. W. 951; Hurt v. Ford, 142 Mo. 283, 44 S. W. 228, 41 L. R. A. 823.

In this state article 1 makes the common law of England, so far as it is not inconsistent with the Constitution and laws of this state, the rule of decision, together with such Constitution and laws. What are our statutes?

The substance of article 2211, Rev. Statutes, was enacted in 1846, and under that statute it was well settled, since Houston & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415, that the judgment must follow the verdict, and in Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607, it is said that by virtue of this statute the trial court could not enter a judgment contrary to the verdict even though he should have directed a verdict instead of submitting the case to the jury. None the less, our prior decisions contain very clear statements that the conception in Texas or the judgment "non obstante veredicto" is identical with the common-law rule. Brown v. Rentfro, 57 Tex. 327. The class of cases in which that rule has been applied is "* * * the court determines as a matter of law that the matter set up in defense constitutes no obstacle to a recovery." And again, "where the evidence is not sufficient to sustain the verdict, the court has full power to remedy the wrong by granting a new trial." Templeman v. Gibbs (Tex. Civ. App.) 25 S. W. 736, 737: "Such a motion will be entertained only by the plaintiff when the verdict of the jury is for the defendant upon facts that present no defense." This case is cited in U. S. v. Gardner (C. C. A.) 133 F. 285, 288, as exemplifying the common law. Scott v. Farmers' & Merchants' Nat. Bank (Tex. Civ. App.) 66 S. W. 485, holds: "If the verdict is not supported by testimony, can the dissatisfied party move the court to render judgment for him notwithstanding the verdict? No." Since Henne & Meyer v. Moultrie, supra, a great many cases have been disposed of where the judgment was contrary to the verdict because the latter was on insufficient evidence, by the statement that judgment non obstante veredicto was not permissible in Texas.

Notwithstanding all of the decisions above cited and the statute, the rule has continued that, where the pleadings do not and cannot by any consistent and probable amendment thereto and where the evidence offered thereunder does not authorize a judgment favorable to such pleader, the court may render a judgment which is referred to by some of the authorities as non obstante veredicto. Vogel v. Allen, 118 Tex. 196, 13 S.W.

(2d) 340, 341. This case was followed, and the limitations so set out in Ellis County v. McKay (Tex. Civ. App.) 56 S.W.(2d) 310, but, though decided two years after the amendment to article 2211, R. S., it makes no mention of same, the date of the trial below is not given, and we are thus unable to say whether the amendment can be read into the opinion or not.

 We have examined the evidence carefully. The appellant's case consists wholly of the testimony of the beneficiary, wholly unlearned in medical matters, who says that the deceased appeared well and did his day's work until he took to his bed with his last illness. Defendant produced the physician who attended the deceased during such illness. He testified that the deceased had an infection of the bladder, stricture of the urethra, urine fistula, which latter had been previously operated upon. The court permitted him to testify that, from a report of an examination by some other persons not witnesses, he (the witness) concluded the deceased had cancer and syphilis. He testified that probably each of these existed in deceased on the date of the policy. An analysis of the doctor's testimony shows that the diseases he found of his own knowledge the deceased had are not testified to be in the list of those named above in the conditions exacted in the policy. As to syphilis and cancer, the doctor plainly predicated his opinion on some hearsay testimony, and we therefore discard it.

Is deceased conclusively shown to be in bad health on January 26, 1931? The doctor says he probably had on that date the disease he himself diagnosed. Apparently he was not certain of it himself as a medical matter. Prior operations therefor did not exclude the deceased from accepting the policy. The negative of illness in the past is difficult of positive proof sometimes. A person not suspecting himself to be diseased ordinarily does not consult a doctor to verify the blessing of good health. After his death the testimony must be made from such sources as the plaintiff produced.

We do not mean to hold contrary to Metropolitan Life Ins. Co. v. Betz (Tex. Civ. App.) 99 S. W. 1140, and similar cases cited, but do say that the evidence in this case is not of that conclusive nature that would justify us in approving a judgment for appellee contrary to the jury verdict.

Reversed and remanded.

### On Motion for Rehearing.

Appellee has filed a forceful motion for a new trial which deserves and has had lengthy consideration by us.

██ The statute (chapter 77 [Vernon's Ann. Civ. St. art. 2211]) supra, says that the trial judge "may" render judgment non obstante veredicto. Assuming that such power rests in the trial court, it is still discretionary on his part, subject to review for abuse, whether he will enter such judgment or whether the ends of justice will be conserved best by granting a new trial.

The trial court who heard and saw the witnesses concluded that the verdict should not stand, and we accept his finding thereon. The judgment contrary to the verdict was not justifiable in our opinion.

The motion for rehearing is overruled.