THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



WAGGONER CARR
ATTORNEY GENERAL

February 10, 1966

Honorable John R. Foster
County Attorney
Val Verde County
Del Rio, Texas  78840

Opinion No. C-605

Re:  Whether the fees made
     taxable to the Defen-
     dant under Article
     53.01, Vernon's Code
     of Criminal Procedure,
     Acts of the 59th Le-
     gislature, 1965, may
     be taxed against a
     defendant irregardless
     of whether the duties
     relating thereto are
Dear Mr. Foster:                    actually performed.

          This is in response to your request for an opinion
relating to the captioned matter.

          The question which you have raised for our conside-
ration may be stated as follows:

          Whether the fees made taxable to the
     Defendant under Article 53.01, Vernon's
     Code of Criminal Procedure, Acts of the 59th
     Legislature, 1965, may be taxed against a
     defendant irregardless of whether the duties
     relating thereto are actually performed.

          Your opinion request reads in part:

          ". . .(W)hen the Department of Public
     Safety officers file a complaint, (in the
     justice court for highway traffic violations)
     no warrant or summons is issued until after a
     defendant might fail to appear on or before
     the time stated on the ticket he is given.
     Most of the people respond to the date on
     their ticket and pay their fine without having
     any warrant served on them.  The Department
     officers have told the Justices of the Peace
     that they are, therefore, not supposed to
     collect Sheriffs' or peace officers' fees
     for making an arrest or for a commitment or
     release.

-2935-

". . .(I)t appears to me that it would be the best practice for the Justices of the Peace to deviate from their practice here and to always issue a warrant (or summons) upon accepting a complaint, which warrant could be served on the defendant when he appeared at the time appointed on his ticket, or turned over to the Sheriff if no appearance is made. The Justice should then collect from the defendant, not only the fine imposed, but the Sheriff's or officer's fee for making the arrest under the warrant and for the commitment and release of the defendant."

Article 53.01, Vernon's Code of Criminal Procedure, provides:

"The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1. For executing each warrant of arrest or capias, or making arrest without warrant, $3.00.

"2. For summoning each witness, $1.00.

"3. For serving any writ not otherwise provided for, $2.00.

"4. For taking and approving each bond, and returning the same to the courthouse, when necessary, $2.00.

"5. For each commitment or release, $2.00.

"6. Jury fee, in each case where a jury is actually summoned, $2.00.

"7. For attending a prisoner on habeas corpus, when such prisoner, upon a hearing, has been remanded to custody or held to bail, for each day's attendance, $4.00.

"8. For conveying a witness attached by him to any court out of his county, $5.00. for each day or fractional part thereof, and his actual necessary expenses by the nearest

practicable public conveyance, the amount
to be stated by said officer, under oath, and
approved by the judge of the court from which
the attachment issued.

"9. For conveying a prisoner after con-
viction to the county jail, for each mile,
going and coming, by the nearest practicable
route by private conveyance, fifteen cents
per mile, or by railway, fifteen cents per
mile.

"10. For conveying a prisoner arrested
on a warrant or capias issued from another
county to the court or jail of the county from
which the process was issued, for each mile
traveled, going and coming, by the nearest
practicable route, fifteen cents.

"11. For each mile he may be compelled
to travel in executing criminal process and
summoning or attaching witness, fifteen
cents. For traveling in the service of process
not otherwise provided for, the sum of fifteen
cents for each mile going and returning. If
two or more persons are mentioned in the same
writ, or two or more writs in the same case, he
shall charge only for the distance actually
and necessarily traveled in the same."

It is the opinion of this office that no fee provided
for by the above Article was intended to be taxed or collected
until the duty corresponding thereto has been performed. It
is a well settled rule in this State that statutes prescribing
fees for public officials are to be strictly construed against
the officer collecting such fee. Curtin v. Harris County,
111 Tex. 568, 242 S.W. 444 (1922); Limestone County v. Robbins,
120 Tex. 341, 38 S.W.2d 580 (1931); White v. Navarro County,
40 S.W.2d 868 (Tex.Civ.App. 1931); McCalla v. City of Rock-
dale, 112 Tex. 209, 246 S.W. 654 (1922); Binford v. Robinson,
112 Tex. 84, 244 S.W. 807 (1922); Atty. Gen. Opinion C-282 (1964).

47 Tex.Jur.2d 213, Public Officers, Sec. 168, states,
in part, as follows:

". . .To entitle an officer to receive
fees or commissions, the receipt thereof must
have been provided for and the amount fixed
by law; and he must have performed the services

for which compensation has been specified." (Emphasis supplied)

Your question is answered in the negative. The fees provided for in Article 53.01 are to be taxed only after there has been a bona fide performance of each duty corresponding to each fee taxed.

### SUMMARY

The fees provided for in Article 53.01 are to be taxed only after there has been a bona fide performance of each duty corresponding to each fee taxed.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: _LARRY CRADDOCK_
Assistant Attorney General

LC:cm

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Owen
Sam Kelly
Wade Anderson
Lonny Zwiener

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright